UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CIT BANK, N.A.,

                              Plaintiff,

    v.

PORTFOLIO RECOVERY ASSOCIATES,
LLC, MARIA GARTEN,

                              Defendants.

No. 15-CV-8618 (KMK)

OPINION & ORDER

Appearances:

John J. Ricciardi, Esq.
Jack L. Glasser, Esq.
Lawrence, NY
*Counsel for Plaintiff*

Nicholas E. Perciballi, Esq.
Ross Eisenberg, Esq.
Stephen J. Vargas, Esq.
Dennis Jose, Esq.
Gross Polowy LLC
Westbury, NY
*Counsel for Plaintiff*

Peter Spino, Jr., Esq.
Law of Office of Peter Spino, Jr., Esq.
White Plains, NY
*Counsel for Defendant Maria Garten*

KENNETH M. KARAS, District Judge:

      Plaintiff CIT Bank, N.A., brought this Action seeking to foreclose on a mortgage encumbering 3 Apple Orchard Lane in Bedford, New York 10506, together with the land, buildings, and other improvements on the property (the "Property"). (Dkt. No. 1.) Before the Court are Plaintiff's Motion for Summary Judgment against Maria Garten ("Garten") and a

Default Judgment against Portfolio Recovery Associates, LLC ("Portfolio"). (*See* Dkt. No. 34.) While Garten has answered and has opposed the pending Motion, Portfolio has not answered the Complaint or otherwise participated in this Action. For the following reasons, the Motion is granted in part and denied in part.

## I.  Background

### A.  Factual Background

Although Plaintiff filed a Statement of Material Facts Pursuant to Local Rule 56.1, (*see* Dkt. No. 37), Garten did not file a response to that statement. Where a party opposing summary judgment has failed to respond to a Rule 56.1 statement, that statement "will be deemed to be admitted for purposes of the motion." L.R. Civ. P. 56.1(c); *see also Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."). The Court is free, however, to disregard assertions for which "there are no citations or where the cited materials do not support the factual assertions." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (alteration and internal quotation marks omitted). Plaintiff has not included any citations in its Rule 56.1 statement, and thus the Court may not deem those facts unopposed for the purposes of this Motion. Instead, as Plaintiff has failed to follow the procedures for drafting a Rule 56.1 statement, the Court will have to conduct its own review of the record.

On June 15, 2007, Garten executed a promissory note in the amount of $810,000.00. (*See* Aff'n of Regularity Ex. A ("Edwards Aff.") ¶ 3 (Dkt. No. 35); *see also* Aff'n of Regularity Ex. E ("Certificate of Merit"), at unnumbered 3–5.) The note is endorsed in blank, (*see* Certificate of Merit, at unnumbered 3–6), and Plaintiff claims it had "possession of the [p]romissory [n]ote on 6/29/07," (Edwards Aff. ¶ 4). Also on June 15, 2007, Garten executed

2

and delivered a mortgage on the Property in order to secure the promissory note. (*See* Edwards Aff. ¶ 5; *see also* Certificate of Merit, at unnumbered 9–13.) The mortgage and note were subsequently consolidated and assigned to Mortgage Electronic Registration Systems, Inc. as the nominee for IndyMac Bank, FSB. (*See* Edwards Aff. ¶ 5; *see also* Certificate of Merit, at unnumbered 14.) The consolidated mortgage was assigned to Plaintiff on September 11, 2015. (*See* Certificate of Merit, at unnumbered 41–42.)[1]

Garten has not made payments on the note since June 1, 2010. (*See* Edwards Aff. ¶ 6.) Plaintiff affirms that on or about July 20, 2015, a 90-day pre-foreclosure notice was sent via first class and certified mail to Garten at the Property. (*See id.* ¶ 7; *see also* Aff'n of Regularity Ex. B; Aff'n of Regularity Ex. H.) Pursuant to New York Real Property Actions and Proceedings Law § 1306, Plaintiff filed notice of the pre-foreclosure notice with the Superintendent of Financial Services within 3 days of mailing the notice to Garten. (*See* Edwards Aff. ¶ 8; *see also* Aff'n of Regularity Ex. I.) On or about July 20, 2015, pursuant to the terms of the mortgage, a notice of default was mailed to Garten, (*see* Edwards Aff. ¶ 9; *see also* Aff'n of Regularity Ex. C; Aff'n of Regularity Ex. G), but unlike the 90-day pre-foreclosure notice, Plaintiff has not included any certified mailing receipt with respect to the notice of default.

According to Plaintiff, the total amount due—inclusive of taxes, interest, and fees—is $1,174,198.52. (*See* Edwards Aff. ¶ 10.)

---

[1] An affidavit submitted on behalf of Plaintiff states that the assignment was made on November 4, 2015, (*see* Edwards Aff. ¶ 5), but no such date appears on the mortgage assignment itself, (*see* Certificate of Merit, at unnumbered 41–42). Plaintiff's Complaint alleges, consistent with the record, that the assignment was executed on September 11, 2015. (*See* Compl. ¶ 14 (Dkt. No. 1).) An assignment date of November 4, 2015 would be anomalous, as that would postdate the Complaint in this Action.

B. Procedural History

Plaintiff filed the Complaint on November 3, 2015. (*See* Compl.) Garten filed her Answer on January 4, 2016. (*See* Dkt. No. 10.) Portfolio has not appeared in this Action. On March 16, 2016, Plaintiff requested leave to file a motion for summary judgment. (*See* Dkt. No. 13.) Before the Court held a conference regarding Plaintiff's application, Plaintiff requested and obtained a certificate of default as to Portfolio. (*See* Dkt. Nos. 19–20.) On April 26, 2016, the Court held a conference wherein it set a schedule for discovery. (*See* Dkt. (minute entry for Apr. 26, 2016); *see also* Order (Dkt. No. 23).) Following discovery, Plaintiff again requested leave to file a motion for summary judgment, (*see* Dkt. No. 29), which Garten did not oppose, (*see* Dkt. No. 31). The Court held a conference on September 16, 2016, at which none of Defendants appeared, (*see* Dkt. (minute entry for Sept. 16, 2016)), and thereafter set a briefing schedule, (*see* Dkt. No. 32).

Plaintiff filed its Motion for Summary Judgment and accompanying papers on November 4, 2016. (*See* Dkt. Nos. 34–38.) In its motion papers, Plaintiff also requested that the Court enter default judgment against Portfolio. (*See* Dkt. No. 34.) Garten filed an opposition to the Motions on December 14, 2016, (*see* Dkt. No. 39), and Plaintiff filed a reply on January 9, 2017, (*see* Dkt. Nos. 40–42).

## II. Discussion

A. Standard of Review

Summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir. 2014) (same). "In determining whether summary judgment is appropriate," a court must

"construe the facts in the light most favorable to the non-moving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (internal quotation marks omitted); *see also Borough of Upper Saddle River v. Rockland Cty. Sewer Dist. No. 1*, 16 F. Supp. 3d 294, 314 (S.D.N.Y. 2014) (same). "It is the movant's burden to show that no genuine factual dispute exists." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *see also Berry v. Marchinkowski*, 137 F. Supp. 3d 495, 521 (S.D.N.Y. 2015) (same).

"However, when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim," in which case "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (alteration and internal quotation marks omitted). Further, "[t]o survive a [summary judgment] motion . . . , [a nonmovant] need[s] to create more than a 'metaphysical' possibility that his allegations were correct; he need[s] to 'come forward with specific facts showing that there is a genuine issue for trial,'" *Wrobel v. County of Erie*, 692 F.3d 22, 30 (2d Cir. 2012) (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), "and cannot rely on the mere allegations or denials contained in the pleadings," *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 322 (S.D.N.Y. 2014) (internal quotation marks omitted); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading . . . .").

"On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014) (internal quotation marks omitted). At this stage, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Brod*, 653 F.3d at 164 (internal quotation marks omitted). Thus, a court's goal should be "to isolate and dispose of factually unsupported claims." *Geneva Pharm. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

When ruling on a motion for summary judgment, a district court should consider only evidence that would be admissible at trial. *See Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998). "[W]here a party relies on affidavits . . . to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated.'" *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4)); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge . . . ."); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419 (S.D.N.Y. 2014) (disregarding "statements not based on [the] [p]laintiff's personal knowledge"); *Flaherty v. Filardi*, No. 03-CV-2167, 2007 WL 163112, at *5 (S.D.N.Y. Jan. 24, 2007) ("The test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge." (internal quotation marks omitted)).

B. Analysis

A plaintiff mortgagee in a foreclosure action establishes a prima facie case "by presenting a note, a mortgage, and proof of default." *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878, 2014

WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, No. 10-CV-5484, 2011 WL 4582484, at *4 (S.D.N.Y. Oct. 3, 2011) ("Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the note and mortgage are produced to the [c]ourt along with proof that the mortgagor has failed to make payments due under the note."), *aff'd*, 504 F. App'x 30 (2d Cir. 2012). After establishing a prima facie case, the plaintiff has a presumptive right to foreclose, "which can only be overcome by an affirmative showing by the mortgagor." *Squadron*, 2011 WL 4582484, at *4; *see also Builders Bank v. Beach 116-23 LLC*, No. 09-CV-2220, 2011 WL 2672567, at *5 (E.D.N.Y. Apr. 15, 2011) (holding that where the defendants had not "contest[ed] the facts" giving rise to a prima facie case, the plaintiff "therefore ha[d] a presumptive right to collect which could only be overcome by an affirmative showing from the defendants" (alterations and internal quotation marks omitted)), *adopted by* 2011 WL 2680327 (E.D.N.Y. July 8, 2011).

    1. Prima Facie Case

There is no dispute that Plaintiff has established a prima facie case. Plaintiff has produced the note and mortgage, (*see* Certificate of Merit, at unnumbered 3–36), and has offered an affidavit indicating that Garten has been in default of her loan obligations since June 1, 2010, (*see* Edwards Aff. ¶ 6). Garten has not offered an affidavit or other evidence to refute this, and has not disputed that Plaintiff has produced adequate evidence of default. (*See* Mem. of Law in Opp'n to Pl.'s Mot. for Summ. J. and Default J. ("Def.'s Opp'n") 4 (Dkt. No. 39-1).)[2] Plaintiff has therefore established a prima facie case and is presumptively entitled to foreclosure.

---

[2] Garten's memorandum in opposition is attached as an exhibit to the affirmation of Garten's counsel. (*See* Aff'n in Opp'n (Dkt. No. 39).)

7

2. Notice of Default

Garten argues, however, that the Motion should be denied because Plaintiff has produced no "actual proof" that it mailed the notice of default to Garten, a condition precedent for foreclosure under the terms of the mortgage. (*See id.* at 4–5.) Specifically, Garten argues that the affidavits submitted by Plaintiff attesting that the notice of default was mailed to Garten are "substantively meaningless" because they are "unsubstantiated and conclusory." (*Id.* at 5–6.)

In New York, "failure to comply with a condition precedent enumerated in a mortgage agreement is an affirmative defense to a mortgage foreclosure action." *OneWest Bank, NA v. Rubio*, No. 14-CV-3800, 2015 WL 5037111, at *2 (S.D.N.Y. Aug. 26, 2015). Compliance with a condition precedent, such as mailing a notice of default, may not be established merely by "unsubstantiated and conclusory" allegations. *GMAC Mortg., LLC v. Bell*, 11 N.Y.S.3d 73, 74 (App. Div. 2015) ("We agree with the mortgagor defendants that this affidavit, which asserted that the notice of default was sent in accordance with the terms of the mortgage, was unsubstantiated and conclusory . . . ."); *see also Wells Fargo Bank, N.A. v. Eisler*, 988 N.Y.S.2d 682, 683 (App. Div. 2014) ("The unsubstantiated and conclusory statements in this affidavit, which indicated that the required notice of default was sent in accordance with the terms of the mortgage, combined with the copy of the notice of default, failed to show that the required notice was mailed by first class mail or actually delivered to the notice address if sent by other means, as required by the mortgage agreement."); *HSBC Mortg. Corp. (USA) v. Gerber*, 955 N.Y.S.2d 131, 132 (App. Div. 2012) (same).

Here, contrary to Garten's contention, Plaintiff has not produced merely "unsubstantiated and conclusory" allegations of compliance. Instead, Plaintiff has offered the affidavit of Julian Taylor, an employee of Plaintiff, who attests that he is familiar with the business records

8

maintained by Plaintiff, that he has personal knowledge of the "operation and the circumstances surrounding the preparation, maintenance, distribution, and retrieval of records in [Plaintiff's] record keeping systems," that those records are made contemporaneously, and that he has personally examined those business records to confirm that a notice of default was mailed to Garten on July 20, 2015. (*See* Aff'n of Regularity Ex. C ¶¶ 2–3.) Garten has not contested that any portion of this affidavit is untruthful or that Taylor is incompetent to give such testimony, and has not even submitted an affidavit disputing that the notice of default was mailed to her. Courts have not hesitated to grant summary judgment in similar circumstances.

In *Rubio*, the court granted summary judgment where the defendant "ha[d] produced no evidence supporting his argument that the notice was not mailed; he ha[d] not even submitted a declaration stating he never received the notice." 2015 WL 5037111, at *3. The court went on to point out that the plaintiff had also submitted "undisputed evidence" that it was the plaintiff's "regular practice . . . to generate and mail notices to borrowers in default and to place a copy of the notice in [the] [p]laintiff's loan file," and that "this regular practice was followed in [the] [d]efendant's case." *Id.* Similarly, in *Wells Fargo Bank, N.A. v. Ullah*, No. 13-CV-485, 2015 WL 3735230 (S.D.N.Y. June 15, 2015), the court held that the plaintiff had adequately established that it had mailed notice of foreclosure by submitting an affidavit "aver[ring] that [the loan servicer] maintain[ed] an electronic 'loan file' for each loan that it manage[d], . . . that it ha[d] a file for [the defendant's] loan," and that the records indicated that notice of foreclosure was timely mailed. *Id.* at *9.

Here, Plaintiff has offered an affidavit from an employee with personal knowledge of the servicing records maintained by Plaintiff and a copy of the notice of default itself. Admittedly, unlike the plaintiffs in *Rubio* and *Ullah*, Plaintiff has not offered a certified mailing receipt or a

9

copy of the record showing that the notice of default was sent. *See Rubio*, 2015 WL 5037111, at *3 ("[The] [p]laintiff also submits a copy of the notice of default along with what appears to be a copy of the computer-generated markings on the envelope in which it was sent."); *Ullah*, 2015 WL 3735230, at *9 ("[The servicer] has submitted the notice that was generated by its computer system for [the defendant], along with a print-out of the notations made to [the defendant's] loan file, which indicate that a 90-day foreclosure notice was mailed to [the defendant] on October 9, 2012."). But in light of Garten's failure to contest that notice was sent and received, and in the absence of even a scintilla of evidence that the notice of default was not mailed out as described in the affidavit, the Court finds these distinctions immaterial. There is thus no triable issue of fact with respect to Plaintiff's compliance with the condition precedent requiring that notice of default be mailed to Garten.

### 3. Standing

Garten next argues that Plaintiff lacks standing because the assignment of the note and mortgage were not recorded. (*See* Def.'s Opp'n 7–8.)[3] Garten, however, provides no authority for the proposition that a mortgage assignment must be recorded to confer standing, and Plaintiff has provided ample authority indicating that no such recording is required. (*See* Mem. of Law in Reply and Further Supp. of Pl.'s Mot. for Summ. J. and Default J. 7–8 (Dkt. No. 40).) Specifically, as Plaintiff points out, "[o]nce a note is transferred . . . , the mortgage passes as an incident to the note." *Aurora Loan Servs., LLC v. Taylor*, 34 N.E.3d 363, 366 (N.Y. 2015) (internal quotation marks omitted); *see also Bank of N.Y. v. Silverberg*, 926 N.Y.S.2d 532, 537 (App. Div. 2011) ("As a general matter, once a promissory note is tendered to and accepted by

---

[3] Garten also references New York Tax Law § 258(1), which requires certain tax payments when a mortgage is originally recorded, but does not assert that Plaintiff failed to pay any required taxes. (*See* Def.'s Opp'n 7–8.)

10

an assignee, the mortgage passes as an incident to the note."). Moreover, "an assignment of a note and mortgage need not be in writing and can be effectuated by physical delivery." *Silverberg*, 926 N.Y.S.2d at 537 (rejecting the defendants' argument that "because the plaintiff failed to provide *proof of recording* of the corrected assignment of the mortgage prior to the commencement of the action, it may be inferred that the plaintiff did not own the notes and mortgages prior to that date").

There is no dispute that Plaintiff is the holder of the promissory note, and therefore even if it could be said that any assignment of the mortgage was invalid, the issue is irrelevant. The promissory note, which is endorsed in blank, is in the possession of Plaintiff and the interest in the mortgage passed as an incident to the note. Plaintiff therefore has standing to assert its claim.

Although Garten raised other affirmative defenses in her Answer, (*see* Dkt. No. 10), only the two addressed above were discussed in the context of the Motion. Plaintiff having made a prima facie case of its entitlement to foreclosure and Garten having failed to rebut the presumption arising out of that prima facie case, Plaintiff is entitled to summary judgment.

C. Default Judgment and Attorney's Fees

Plaintiff has also moved for default judgment against Portfolio. Default judgment in this Court is governed by the Court's individual practices and procedures, which are available online. Plaintiff's counsel is directed to comply with those instructions in order to secure a default judgment against Portfolio.

Any request for costs and attorney's fees should be set forth in the default judgment application, accompanied by appropriate documentation of the hours worked and the reasonable billing rate of Plaintiff's counsel. The Court will not reimburse Plaintiff's counsel merely upon an "estimate" of attorney time spent—"Any attorney who applies for court-ordered

11

compensation in [the Second] Circuit must document the application with contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done." *OneWest Bank, N.A. v. Cole*, No. 14-CV-3078, 2015 WL 4429014, at *6 (E.D.N.Y. July 17, 2015) (alterations and internal quotation marks omitted). "The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances." *OneWest Bank, N.A. v. Denham*, No. 14-CV-5529, 2015 WL 5562980, at *10 (E.D.N.Y. Aug. 31, 2015) (internal quotation marks omitted), *adopted by* 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015); *see also Cole*, 2015 WL 4429014, at *6 (same). Accordingly, in the absence of extraordinary circumstances, Plaintiff will be awarded attorney's fees only if it provides contemporaneous time records "specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is granted, and its Motion for Default Judgment is denied without prejudice. Plaintiff is instructed to follow the Court's individual practice and procedures for seeking default judgment. In its application for default judgment, Plaintiff should provide a proposed final judgment as to all Defendants. The Clerk of Court is respectfully directed to terminate the pending Motion. (Dkt. No. 34.)

SO ORDERED.

DATED: June 28, 2017
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

12